IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CARLINA
CHARLOTTE DIVISION
3:20CV523

| | |
|---|---|
| LISA ANTOINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DELANCY LLC d/b/a VITAL ) | |
| MEDICAL STAFFING and ) | |
| JURNEY'S OF STATESVILLE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Defendant Jurney's of Statesville's ("Jurney's") Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The *pro se* Plaintiff filed a response in opposition and purported Motion for Judgment on the Pleadings. Jurney's has filed a Reply and this matter is now ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff purports to assert claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") as well as retaliation and sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Compl. at ¶¶ 6-9). Plaintiff was an employee of Delancy LLC d/b/a Vital Medical Staffing ("Vital"). (*Id*. at ¶ 8). Vital provided temporary staffing services to Jurney's. (*Id*. at ¶ 7). Jurney's is a skilled nursing home facility. Plaintiff performed duties for Vital at Jurney's facility, and was paid her wages by Vital. (*Id*. at ¶¶ 9, 10). Plaintiff alleges that while on the premises of Jurney's facility she was sexually harassed by another employee of Vital (Eric Marshall). (*Id.* at ¶ 17).

On March 23, 2019, the date of the alleged sexual harassment incident, Plaintiff alleges

1

employees of Jurney's were younger than her. (*Id*. at p. 6, Count I ¶ 1). Plaintiff further claims that the alleged sexual harassment incident was reported to the supervisor in charge, Aiyana Byers, who was not in the protected [age] class. (*Id*. at pp. 6-7, Count I ¶ 2). Plaintiff alleges that Eric Marshall, a contract employee for Vital, was scheduled to work at Jurney's and was not in the protected [age] class. (*Id*. at p. 7, Count I ¶ 3). There are no specific allegations as to how these set of facts constituted age discrimination. Regardless, there are no allegations against Jurney's related to Plaintiff's purported ADEA claim in her Complaint.

In Count II of her Complaint Plaintiff repeats the allegation that on March 23, 2019 she reported an incident of alleged sexual harassment to Aiyana Byers. (*Id*., Count II ¶ 5). Plaintiff states that Jurney's reported to Vital that Plaintiff left a resident in feces. (*Id*., Count II ¶ 7). Plaintiff alleges that Jurney's did not report the alleged sexual harassment incident to Vital. (*Id.*, Count II ¶ 8) Plaintiff claims that Jurney's created a record of an employee named Keisha leaving a resident in feces on March 27, 2019 during second shift. (*Id*. at pp. 7-8, Count II ¶ 11). Plaintiff claims that Jurney's has Plaintiff on their do not return list. (*Id*. at p. 8, Count II ¶ 12). Absent from Count II is any allegation of any action by Jurney's that was retaliatory in nature.

Finally, Plaintiff claims that Aiyana Byers was scheduled to work on March 23 and 24, 2019. (*Id*., Count III ¶ 13-15). Plaintiff alleges that another Vital employee, Eric Marshall, was scheduled to work with Plaintiff on March 23, 2019. (*Id*., Count III ¶ 16). Earlier in her Complaint, when setting forth claims against Vital, Plaintiff alleges that Mr. Marshall sexually harassed her. (*See id*. at p. 4, Count III). However, there are no allegations of sexual harassment with regard to Jurney's or any explanation as to why it has been included in this claim.

**DISCUSSION**

A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's claim. Under Federal

2

Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that only "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. The "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant acted unlawfully." *Minor v. Tyson Foods, Inc*., 60 F. Supp. 3d 684, 687 (W.D. Va. 2014) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)); *see also Iqbal*, 129 S. Ct. at 1950 (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the court construes factual allegations in favor of the non-moving party. *Robinson v. Am. Honda Motor Co*., 551 F.3d 218, 222 (4th Cir. 2009).

A complaint filed *pro se* should be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Matter Forgods Production v. Salem Veteran's Affairs Medical Center*, No. 7:14-cv-00091, 2014 WL 3965060 *2 (W.D. Va., Aug. 12, 2014 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, this does not require a court to "ignore a clear failure in the pleading 'to allege anything that even remotely suggests a

3

factual basis for the claim.'" *Id*. (quoting *Weller v. Dep't of Social Servs*, 901 F.2d 387, 391 (4th Cir. 1990)).

In order to state a claim against Jurney's under the ADEA or Title VII, Plaintiff must allege that Jurney's: (1) falls within the statutory definition of "employer" and (2) has exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of her employment. *See Magnuson v. Peak Tech. Servs., Inc.*, 808 F. Supp. 500, 507 (E.D. Va. 1992), *aff'd* 40 F.3d 1244 (4th Cir. 1994); *see also Garrett v. Phillips Mills, Inc.*, 721 F.2d 979, 981-82 (4th Cir. 1983) (citing *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32 (3d Cir. 1983) (holding that the test applied in Title VII cases to resolve "employee status issues" must be applied in cases arising under the ADEA)).

In her Complaint, Plaintiff specifically alleges that Vital was her employer. (Compl. at p. 3). She never alleges that Jurney's was her employer but rather appears to base her claims against Jurney's on the fact that the alleged sexual harassment occurred on Jurney's property. Plaintiff never alleges that Jurney's exercised substantial control over her employment, had any ability to hire or fire, or had any disciplinary authority. Moreover, she fails to allege that Jurney's was in any way responsible for her salary, personnel records, payroll, insurance or taxes. Accordingly, Plaintiff has failed to allege facts that establish that Jurney's was her employer or joint employer. Because Jurney's was not Plaintiff's "employer," all claims against it must fail.

IT IS THEREFORE ORDERED that Defendant Jurney's Motion to Dismiss the Complaint as against it is hereby GRANTED.

Signed: November 12, 2020

Graham C. Mullen
United States District Judge