IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CARLINA
CHARLOTTE DIVISION
3:20CV523

| | |
|---|---|
| LISA ANTOINE, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>DELANCY LLC d/b/a VITAL )<br>MEDICAL STAFFING and )<br>JURNEY'S OF STATESVILLE, )<br>)<br>Defendants. )<br>_____) | ORDER |

This matter is before the Court upon Defendant Delancy LLC's ("Delancy") Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The *pro se* Plaintiff filed a response in opposition and purported Motion for Judgment on the Pleadings and for a default judgment. (Doc. No. 20). Delancy has filed a Reply and this matter is now ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff purports to assert claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") as well as retaliation and sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §1981. She also claims wrongful discharge presumably under North Carolina's Retaliatory Employment Discrimination Act ("REDA"). Plaintiff was an employee of Defendant Delancy, who provided temporary staffing services to Jurney's, a skilled nursing home facility. (Compl. at p. 2). Plaintiff performed duties for Delancy at Jurney's facility. (*Id*.). Plaintiff alleges that on March 23, 2019, while on the premises of Jurney's facility she was sexually harassed by another employee of

Delancy (Eric Marshall). (*Id.* at pp. 4-5). Plaintiff is over 40 and alleges that Eric Marshall is younger than her. (*Id*. at p. 3). Plaintiff alleges that she reported the incident to Delancy. (*Id*. at pp. 4-5)

Plaintiff was terminated on March 28, 2019 for allegedly leaving a resident in feces. (*Id*. at pp. 4-6). She claims that another employee of Delancy named Keisha left a resident in feces but was not terminated. (*Id*. at pp. 6, 8-9). She does not allege the age of this employee.

**DISCUSSION**

A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's claim. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009). When considering a motion to dismiss under Rule 12(b)(6), the court construes factual allegations in favor of the non-moving party. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). Moreover, a complaint filed *pro se* should be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Matter Forgods Production v. Salem Veteran's Affairs Medical Center*, No. 7:14-cv-00091, 2014 WL 3965060 *2 (W.D. Va., Aug. 12, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Defendant Delancy's brief sets forth the following arguments in support of its Motion to Dismiss: 1) Plaintiff never reported the sexual harassment to Delancy; 2) Delancy did not

terminate Plaintiff because of her age; 3) Plaintiff was terminated because of various performance and attendance problems. Each of these arguments represent factual disputes that are inappropriate at this stage of the litigation. Accordingly, the Court will deny Delancy's Motion to Dismiss.

    IT IS THEREFORE ORDERED that Defendant Delancy's Motion to Dismiss is hereby DENIED; and

    IT IS FURTHER ORDERED that to the extent Plaintiff moves for judgment on the pleadings or for default, these motions are likewise DENIED.

Signed: December 9, 2020

Graham C. Mullen
United States District Judge